## Vaclav Benes v. The People of the State of Illinois, ex rel. Frantiska Katuk.

### Gen. No. 11,787.

1. BASTARDY—*presence of child at prosecution for, not error.* It is not error to permit the prosecutrix to bring with her into the court room and to take with her to the stand the alleged bastard child, where it is too young to be left alone and no one is provided to take charge of it.

2. EXCLUSION OF EVIDENCE—*when not ground for complaint.* Where a party does not move for a continuance nor present an affidavit stating the evidence which he expects would be given by an absent witness, but merely states what he expects to prove by such absent witness, the exclusion of such offer by the court is not ground for complaint.

Prosecution for bastardy. Appeal from the Criminal Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed June 2, 1905.

FANNING & HERDLICKA, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

On the trial of an issue of bastardy the relatrix was called and sworn as a witness, whereupon the following occurred:

"Counsel for defendant: Is this the alleged child that the witness has in her arms?

"Counsel for state: That is the child.

"Counsel for defendant: Then I object to the production of the child on the witness stand.

"The Court: If you wish to furnish a nurse to take care of it, you can do so, otherwise the objection is overruled."

This ruling was excepted to and is here assigned for error.

The child was eight months old at the time of the trial. The mother was a necessary witness. It does not appear that she had any friend present to take care of the child while she was on the witness stand and it was too young to be left alone.

In Robnett v. The People, 16 Ill. App., 299, the plaintiff was allowed to make profert of the child or introduce it in evidence against the defendant over his objections. Here it was the defendant who first asked whether the child which the relatrix held in her arms was the child alleged to be a bastard. To hold that it was error to permit the relatrix to take her child with her when she went upon the witness stand, would be to hold that in a bastardy case the relatrix may not bring with her to the trial and into the presence of the jury her alleged bastard child. Whatever inferences the jury might draw from the fact that the relatrix carried a child with her upon the witness stand, they would draw if the relatrix with a child in her arms sat at the side of the state's attorney during the trial and committed such child to the care of some person when she was called to the stand.

The record shows that during the trial an attachment was issued for a certain witness; that afterwards counsel for defendant stated what he expected to prove by said witness; that plaintiff's counsel objected to such offer of proof and the court sustained the objection, and this ruling is also assigned for error. The defendant did not move for a continuance because of the unauthorized departure of a witness who had been in attendance at the trial and support his motion by affidavit stating the facts as to the absence of the witness and the facts the defendant expected to prove by such witness, but without such motion or affidavit stated what he

expected to prove by the witness and the court properly held such evidence not admissible.

We find no error in the rulings of the court on the instructions and the verdict cannot be said to be against the evidence.

The judgment of the Criminal Court will be affirmed.

*Affirmed.*