Argued February 12, decided February 18, 1913.

## STATE v. RUSSELL.

(129 Pac. 1051.)

**Incest—Evidence—Corroboration.**

1.  Evidence on a trial for incest of statements by defendant held to sufficiently corroborate the testimony of the prosecuting witness, with whom the crime was alleged to have been committed.

**Criminal Law—Evidence—Admissions.**

2.  While, under the express provisions of Section 868, subd. 4, L. O. L., the jury should be instructed to view oral admissions of a party with caution, this affects their weight merely and not their admissibility.

**Criminal Law—Demonstrative Evidence—Exhibition of Person.**

3.  On a trial for incest alleged to have been committed with the daughter of accused's sister, the exhibition of a child which the prosecutrix testified was the issue of the illicit intercourse to the jury to corroborate her testimony by means of the resemblance was proper; the fact that such resemblance might have been due to the relationship between accused and the child's mother affecting only its weight.

From Douglas: JAMES W. HAMILTON, Judge.

The defendant, Ed Russell, was indicted, tried and convicted of the crime of incest, and from the resulting judgment and sentence, he appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William W. Cardwell.*

For the State there was a brief over the names of *Mr. George M. Brown,* Prosecuting Attorney, and *Mr. Lawrence A. Liljeqvist,* Deputy Prosecuting Attorney, with an oral argument by *Mr. Brown.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The crime is alleged to have been committed by defendant having incestous intercourse with Lena Macklin, the daughter of the defendant's sister. At the close of the State's case, defendant's counsel moved the court to direct a verdict of acquittal on the ground of insufficiency of the evidence to be submitted to the jury. The contention of counsel is that the testimony of the prosecutrix, Lena Macklin, who is an accomplice, is not corroborated by any evidence tending to connect the defendant with the commission of the crime, in compliance with Section 1540, L. O. L. Corroborative evidence is additional evidence of a different character to the same point. Section 701, L. O. L.; *State* v. *Scott,* 28 Or. 331 (42 Pac. 1). See, also, *State* v. *Wong Si Sam,* 63 Or. 266 (127 Pac. 683). The offense was charged to have been committed December 1, 1909. The girl was then of the age of 16 years, and the defendant 29 years of age. At the time of the trial, November 16, 1911, a child, then about 14 months old, which the prosecutrix testified was the child of the defendant and the issue of the illicit intercourse, was, over the objection and exception of the defendant, exhibited to the jury in evidence. This was for the purpose of corroborating her testimony. It was claimed by the prosecutrix that the child resembled the defendant.

The deputy sheriff who arrested the defendant testified that, when the defendant was arrested, he stated, "I will make some of the rest of the s—s of b—s smoke." C. O. White, a witness for the State, testified that soon after that time the defendant, referring to the case, said to his brother and another as they passed the witness, in effect, "that others were implicated as well as him in it, and that he would make it lively for them." It is maintained by the prosecution that the evidence referred to corroborates sufficiently the testimony of the accomplice. Counsel for the defendant contends that such evidence does not comply with the statute, or tend to connect the defendant with the commission of the offense. The evidence of the officer and Mr. White was fairly susceptible of being construed by the jury as an admission by the defendant that he, as well as others, had had improper relations with the prosecutrix. The jury may well have believed that the defendant had in mind, when he made the statement, the paternity of the child, and was endeavoring to minimize the chance of his being the father of it.

2. While under our statute (Section 868, L. O. L., subd. 4) the oral admission of a party ought to be viewed with caution, this goes to the weight of the evidence, and is a matter for the jury to determine under proper instructions.

3. Counsel for the defendant earnestly contends that the resemblance of the child to defendant, if any there was, is no proof of parentage, for the reason that Lena Macklin's mother was a sister of defendant, and there might be a family resemblance taken from the mother's side. This we think was also a question as to what reliance the jury would place upon the resemblance if any between the child and defendant. There is a conflict of authorities upon the question of whether a person may be exhibited to the jury, although some of the courts which prohibit testimony on resemblance as not proper

opinion evidence permit the jury to determine from inspection whether any personal resemblance exists. The rule in favor of such exhibition to the jury has been adopted in this State in the case of *Anderson* v. *Aupperle,* 51 Or. 556 (95 Pac. 330), where the opinion in the case of *State* v. *Danforth,* 73 N. H. 215 (60 Atl. 839: 111 Am. St. Rep. 600: 6 Ann. Cas. 557), is quoted from and approved. The propriety of permitting this evidence rests upon the well-known physiological fact that peculiarities of form, feature, and personal traits are oftentimes transmitted from parent to child. While it may be true, as asserted by the learned counsel for defendant, "that the children often resemble their grandparents or cousins, or bear a family resemblance to all," this we think would lessen the force of this evidence in the case at bar, and would be a fair argument to the jury, but it would not entirely destroy the value of the evidentiary fact of resemblance. Wigmore, Evidence, Section 166, and notes. See, also, note to *State of Iowa ex rel. Scott* v. *Harvey,* 52 L. R. A. 500. According to the command contained in Section 3 of Article VII, of the constitution, as recently amended (see Laws 1911, p. 7), the verdict of a jury should not be disturbed, unless the court can affirmatively say there is no evidence to support the same. The jury may have found that the features of the child strongly indicated that the defendant was its parent. We think the other evidence referred to corroborated the testimony of the prosecutrix, and tended to connect the defendant with the commission of the crime. The case was therefore properly submitted to the jury.

Finding no error in the record, the judgment of the lower court is affirmed.          AFFIRMED.