## The People of the State of Illinois ex rel. Elizabeth Wedeking, Appellee, v. Harry Enke, Appellant.

1. BASTARDS, § 32*—*when exclusion of child from court room may be refused.* In a bastardy case it was not error to deny the motion to exclude the child from the court room during the trial.

2. BASTARDS, § 34*—*when instruction as to date of conception correct.* An instruction that the exact date upon which prosecutrix became pregnant was not material and that the material question to be determined was whether defendant was the father of the child is correct, the acts of intercourse covering a period of many weeks, and the period of gestation varying.

3. BASTARDS, § 34*—*when instruction not erroneous in calling attention to defendant's testimony.* In a bastardy case, an instruction stating in substance that while defendant was a competent witness in his own behalf, it was left to the jury to judge of his credibility, and that in doing so the jury had the right to consider the probability or improbability of his story, etc., was not erroneous under the rule prohibiting the calling of the attention of the jury to the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

testimony of one or two parties, such an instruction having been expressly held proper in a bastardy case.

Appeal from the County Court of Scott county; the Hon. Franklin C. Funk, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919.

Wilson & Butler, for appellant.

T. J. Priest, for appellee.

Mr. Presiding Justice Graves delivered the opinion of the court.

This is an appeal from a judgment of the County Court of Scott county against appellant in a bastardy case. The evidence is conflicting. The complaining witness testified to acts of intercourse with appellant during the period of gestation, and also that appellant after the birth of the child came to the home of complaining witness to see her and the child and that he said the baby had his eyes. She also testified that when she found she was pregnant she told appellant and he said to her that if she would go away he would help her out. She is corroborated in her testimony by the testimony of appellant that he went to the house after the child was born to see it. She is further corroborated by other testimony to the effect that the parties were together during the period of gestation under circumstances when they could have had intercourse. Appellant denies that he ever had intercourse with the mother of the child and denies that he said the child had his eyes, but admits he went to the home of the mother to see it. The jury saw the witnesses and heard them testify and found the defendant guilty. It was the province of the jury to judge the credibility of the witnesses and weigh their testimony. We see nothing in the evidence to cause us to question the correctness of the verdict. In fact, while it is assigned for error that the verdict of the jury is the

result of passion and prejudice on the part of the jury, no assignment of error charges that the verdict is contrary to the weight of the evidence.

A motion was made by appellant at the opening of the trial to exclude the baby from the court room during the trial, which motion was denied. Appellant cites *Robnett v. People,* 16 Ill. App. 299, to support his contention that it was error to deny that motion. It is held in that case that it is improper to introduce a bastard child in evidence for the purpose of showing a resemblance between it and the defendant, and the court then proceeds to discuss more grievous errors in that record and reverses the judgment. That case has never been cited either with approval or disapproval, and so far as we are able to find it is not supported by any well-considered authority. While it is not necessary to decide the point in this case, and while it may well be incompetent to introduce a bastard child in evidence for the purpose of making a comparison of its features or peculiarities with those of the putative father, it is clear that for some purposes it might not only be competent but imperative that the child should be produced in court and testimony offered of its identity, as, for instance, in case it should be denied in a bastardy case that a child had been born at all, or that it had since died, the child itself would be the best evidence of its existence, and it could not be objected to its production for that purpose that the jury might notice a similarity of features or color of eyes. In this case the child was not offered in evidence and no comparisons were made to its resemblance to the putative father except when a witness repeated what it was claimed the defendant said as to such resemblance. At all events, it has been held in this State that allowing the mother of a bastard child to hold it in her lap while she is testifying in a bastardy case is not error. *Benes v. People,* 121 Ill. App. 103. It was not error to deny the motion to exclude the child from the court room during the trial.

There is no merit in the contention that the State's Attorney was guilty of misconduct in his statement to the jury before the introduction of evidence. He was well within his rights and confined his statements to what he expected to prove in the case.

The court instructed the jury in substance that the exact date upon which the prosecuting witness became pregnant was not material, that the material question to be determined was whether the defendant was the father of the child. The instruction was clearly right. The period of gestation often varies in length a number of days and sometimes weeks. The evidence in this case tends to show repeated acts of intercourse between these parties covering 6 to 10 or more weeks. It was not material which of those acts produced pregnancy. The important question was whether it was the defendant's act that caused it.

The court instructed the jury in substance that while the defendant was a competent witness in his own behalf it was left to the jury to judge of his credibility, and that in doing so the jury had a right to consider the probability or improbability of his story in the light of all evidence in the case, and appellant argues that thereby the rule was violated that prohibits calling the attention of the jury to the testimony of one of two parties in the case as calculated to lead the jury to understand that the court considers that there is some reason why the evidence of the party mentioned should be particularly scrutinized. The rule contended for is well established, but we are not aware that it has ever been applied to bastardy cases but on the contrary, in *People v. Bibb,* 155 Ill. App. 371, it was expressly held to be a proper instruction in such a case. In prosecutions in the name of the People, such instructions referring to the testimony of the defendant are proper. *Henry v. People,* 198 Ill. 194; *Dunn v. People,* 109 Ill. 642. Some other criticisms have been made on the rulings of the court in giving and refusing

instructions, but they are without merit. It is also said by appellant that he was unduly restricted in the cross-examination of the complaining witness. We have read her entire testimony, both on direct and cross-examination, and find that defendant was in no way restricted to his detriment in the matter complained of. Finding no error in the record the judgment is affirmed.

*Affirmed.*