Argued January 19; affirmed February 24, 1932

STATE ex rel. DICKERSON *v.* TOKSTAD

(8 P. (2d) 86)

*Robin D. Day* and *W. C. Winslow*, both of Salem, for appellant.

*George A. Rhoten*, of Salem (John H. Carson, District Attorney, and Lyle J. Page, Deputy District Attorney, both of Salem, on the brief), for respondent.

RAND, J. This is a filiation proceeding brought under sections 16-901 to 16-914, Oregon Code 1930. The proceeding was instituted on the relation of Fay Dickerson, an unmarried woman and the mother of an illegitimate child born July 15, 1930. The defendant was charged with being the father of the child, which he denied. The cause was submitted to a jury and a verdict returned, finding defendant guilty as charged, and, from the resultant judgment, defendant has appealed.

Defendant assigns errer in the refusal of the court to grant his motion for a nonsuit. He bases this assignment solely upon the contention that there was no corroboration of the testimony of the prosecutrix as required by section 16-905, which provides that "no conviction shall be had upon the uncorroborated testimony of said female."

In determining this objection and before considering the corroborative evidence in this case, it is material to consider whether there is any difference in the quantum of proof of corroboration necessary to satisfy the requirements of section 16-905 from that required in the trial of a criminal cause. Section 13-935, which applies only to the trial of criminal actions, provides that: "A conviction cannot be had upon the testimony

of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and the corroboration is not sufficient if it merely show the commission of the crime, or the circumstances of the commission.''

It is well settled in this state that a proceeding authorized by the statutes under which this prosecution was had, although criminal in form, is not a criminal prosecution but is a special statutory proceeding in the nature of a civil action to enforce a civil obligation or duty, and that since the nature of the proceeding is civil, the proof is to be governed by the rules of evidence which apply in civil cases, and hence that the paternity of the child need not be established beyond a reasonable doubt but may be proven by a preponderance of the evidence, and that it is not necessary that the jury shall return a unanimous verdict; that a verdict concurred in by nine of its members is sufficient: *State ex rel. Borland v. Yates,* 104 Or. 667 (209 P. 231); *State v. Newman,* 109 Or. 61 (218 P. 936); *State v. Haslebacher,* 125 Or. 389 (266 P. 900).

These rulings upon those points, however, do not in any manner affect the question of the quantum of proof of corroboration required to satisfy the statute in this proceeding. This statute in express terms directs that there shall be no conviction of the defendant unless the testimony of the mother of the child be corroborated. It is very evident from the mere reading of the two statutes that there is nothing in either statute indicating that the legislature intended to use the word ''corroborated'' in one statute in any different sense than that in which it was used in the other. The purpose of both statutes is to protect innocent persons wrongfully accused and the legislature evidently believed that the necessity for such protection may be

as great in one case as in the other. Hence, we conclude that the quantum of proof of corroboration required is the same in this proceeding as it would be if the action was criminal in its nature.

■ Corroboration, as used in the statute under which this prosecution was had, means evidence which does not emanate from the mouth of the prosecutrix but such other and independent evidence as adds to, strengthens, confirms and corroborates her. It must be of some substantive fact or circumstance which, independent of her testimony, tends to connect the defendant with the commission of the offense. It may be either direct or circumstantial, or be wholly circumstantial, and however slight must tend to identify the defendant as the guilty party. It is not necessary that the testimony of prosecutrix be corroborated in every particular or upon every material point. But there must be a sufficient amount of confirmation to satisfy the jury of the truth of her testimony, so that the case shall not rest upon her credibility alone, however credible her testimony may be. The law upon this subject is so fully and accurately stated by Mr. Justice HARRIS in *State v. Brake,* 99 Or. 310 (195 P. 583), that any further restatement of it is deemed unnecessary. A careful examination of the evidence satisfies us that there was sufficient corroboration to justfy the verdict. It was said in *State v. Brake,* supra, that: "* * * it is not necessary that the whole case shall be proved outside the testimony of the accomplice; for, if the statute contained such a requirement, accomplice testimony could never avail anything except as cumulative evidence. Our statute in plain words permits a conviction '*upon* the testimony of an accomplice'; with the limitation, however, upon such permis-

sion, that the accomplice shall be corroborated 'by such other evidence as tends to connect' the defendant with the commission of the crime.''

It appears from the testimony of the prosecutrix that she first became acquainted with defendant early in July, 1929, and kept company continuously thereafter with him and with no one else until October 15 of that year; that she was twenty years of age at the time and was residing with her father and brother at her father's home in Salem; that during said period defendant frequently came to her father's house and took her riding with him in his automobile; that these visits were always in the evening and that he would bring her back about eleven or twelve o'clock at night; that during this time he never entered the house but would announce his presence by sounding the horn and she would join him in the automobile and they would ride over some of the country roads adjacent to Salem; that their relations became very intimate; that he promised to marry her and had sexual intercourse with her for the first time on the first Monday in September, 1929; that these relations continued until October 15, when she became pregnant; that, after discovering her condition, she informed defendant and he advised her to have an abortion performed, which she refused to have done, and immediately thereafter he abandoned all relations with her and married another woman.

All the facts so testified to by her, with the exception of the promise to marry, the advice that prosecutrix should submit to a criminal operation and the acts of sexual intercourse themselves, are abundantly shown by the testimony of other witnesses. The weight, credibility and effect of their testimony were for the jury under proper directions from the court and, since this corroborative testimony fairly and legitimately

tended to connect the defendant with the paternity of the child, it was sufficient to meet the requirements of the statute and to justfy the verdict. ''The corroboration,'' said the court in *State v. Brake,* supra, ''need not be of itself adequate to support a conviction; but it is sufficient to meet the requirements of the statute if it fairly and legitimately tends to connect the defendant with the commission of the crime.''

It appears from the bill of exceptions that the prosecutrix, when called as a witness, took the stand with her baby in her arms and was permitted to hold the baby over the objection of the defendant. This, it is claimed, was prejudicial error, notwithstanding she turned the child over to another person before commencing to testify. The child at the time was less than four months old and it could, had the state so desired, have been offered as an exhibit in the case. ''We know of no rule,'' said the court in a similar proceeding in *State v. Stark,* 149 Iowa 749 (129 N. W. 331, Ann. Cas. 1912D, 362), ''which would require the separation of mother and child while she testified or was present at the trial.'' To the same effect see *Benes v. The People,* 121 Ill. App. 103; *Robnett v. The People,* 16 Ill. App. 299; *Hutchinson v. State,* 19 Neb. 262 (27 N. W. 113).

Defendant contends that it was error for the court to permit the prosecutrix to testify that she had named the child after its father. This it is contended, was inadmissible because self-serving in its nature. It was not a self-serving declaration but the statement of an existing fact. Whether material or not, we fail to see how it could have been prejudicial when considered in the light of all the testimony in the case.

Prosecutrix was permitted, over the objection of the defendant, to testify that she stayed during her

confinement at the Florence Crittenton Home in Portland. This testimony was clearly admissible upon numerous grounds. It was a material part of the state's case and tended to show that the child in question had been born by her. The statute also expressly makes the father of an illegitimate child responsible for the expenses incurred by the mother during her confinement.

 Prosecutrix, after testifying that defendant had twice taken her to Portland to the same doctor's office in order to induce her to have an abortion performed, then testified that, on the second occasion: "we (meaning herself and the doctor) went into her waiting room and she took me into her office and as soon as I came into the office she threatened me if I made a fuss that she would call the Protective Divisions of Portland and place me some place until I was 26, and then she talked to me in quite a vulgar line and took out a package of cigarets out of her desk and smoked and offered me one and I refused." She was then asked by defendant's counsel if this conversation was in the presence of defendant and she stated that it was not. Defendant then moved that this testimony be stricken on the ground that it was hearsay and incompetent. The motion was denied and its denial is assigned as error. According to prosecutrix's testimony, defendant had taken her to Portland for an unlawful purpose and the doctor was to be an accomplice in the commission of a crime. It appears from this testimony that a conspiracy existed between the defendant and the doctor, making declarations made by her in furtherance of the conspiracy admissible. But whether this is so or not, the conversation detailed by prosecutrix with the doctor was not prejudicial in view of the other circumstances testified to.

Defendant also contends that it was error for the court to submit to the jury the determination of whether the corroboration was sufficient to connect defendant with the commission of the offense charged. If there had been no evidence of corroboration offered in the case, then it would have been the duty of the court to have withdrawn the case from the jury, but, since there was corroboration which tended to connect the defendant with the commission of the offense charged, it was the duty of the court to submit the question to the jury. There was no error in the giving of the instruction complained of.

Defendant requested the court to give the jury the two following instructions: "You are further instructed that the evidence in this record shows that Fay Dickerson and the defendant herein kept company for a short time. The mere keeping company cannot be construed as showing any improper motive upon the part of the defendant, neither of said parties were intermarried, and the law presumes that their conduct, one towards the other, is such in good faith, and that no wrong was intended thereby." "You are further instructed in this case that the state must prove that the defendant had sexual intercourse with the relator, Fay Dickerson, within the period of gestation, and unless this is done, evidence of their conduct outside such period is irrelevant and you should find for the defendant." The learned trial court properly refused to give either of said instructions. One in almost identical language, and containing the same thought, was held to be improper in *State v. Haslebacher*, supra. The point raised by the latter instruction was, we think, fully covered by other instructions.

Judgment affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.