Argued January 4; affirmed January 31, 1933

STATE EX REL. RIVINIUS *v.* BARTLETT

(18 P. (2d) 590)

*J. J. Crossley,* of Portland, for appellant.

*William C. Ralston,* Deputy District Attorney, of Portland (Lotus L. Langley, District Attorney, and Mary Jane Spurlin, Deputy District Attorney, both of Portland, on the brief), for respondent.

BELT, J. This is a filiation proceeding, civil in nature, initiated by Madeline Rivinius, an unmarried woman 26 years of age, charging that the defendant is the father of her child born on May 29, 1931. The cause was submitted to a jury and a verdict returned finding the defendant guilty. Judgment was entered

directing certain payments to be made by defendant for the support and maintenance of his child. Hence this appeal.

Complainant asserts that she and the defendant had sexual intercourse several times but that conception occurred on August 17, 1930. Defendant admits having had intercourse with the young lady on several occasions, but denies that such act occurred on August 17, 1930. He admits illicit relations with her on June 5, 1930, and during the latter part of September of the same year. There is no evidence tending to show that she had sexual intercourse with any other man. About the only reasonable deduction to be made from the record is that the defendant is the father of the child. The jury so found.

■ There was ample evidence, corroborating that of the complainant, which tended to connect the defendant with the commission of the act as charged. Mrs. Asa J. Kelly thus testified relative to a conversation with the defendant at his room in a hotel in November, 1930.

"My conversation with Mr. Bartlett was to ask him to help the young woman financially and to see if he would not consider marriage with her, and he gave me as his reason for not wanting to marry that he just didn't want to marry anyone. He agreed that he had promised to marry her but he changed his mind, and I said, 'Well, she is alone and needs some help. You must do something if you can,' and so he finally agreed to give me fifty dollars to help her out through the early period of her pregnancy. During the conversation he asked if she expected to have an abortion performed, and I said, 'Surely not with my advice', and then he was to give me twenty-five dollars—this was on Sunday morning that I talked to him and he agreed that on the following Thursday he would give me twenty-

five dollars and then twenty-five a little bit later, but it was only to help her out for the immediate period; not for anything else.

\* \* \* \* \*

"Q. Did you tell Mr. Bartlett here that Miss Rivinius was pregnant?

"A. I surely did.

"Q. And what did he say in reference to that—in reply to that?

"A. Well, when I asked him if he couldn't consider marriage because it would help the situation out he said no, he just didn't want to marry, and I said, 'Well, you don't for a minute doubt that you are the author of her trouble?' and he said, 'No, I am the only man that she was in any way associated with.' He said, 'I am responsible for this condition.'"

Furthermore, Mrs. Maud O'Brien testified to having heard the defendant call the complainant to his room on August 17, 1930, and that she saw both of them in the room where they remained for several hours.

■ Error is assigned because the child—then two months old—was exhibited to the jury by the mother while she was on the witness stand. While the authorities are in conflict in other jurisdictions (see cases in note 40 A. L. R. 97) this court has unqualifiedly placed its stamp of approval upon the admission of such evidence: *Anderson v. Aupperle,* 51 Or. 556 (95 P. 330); *State v. Russell,* 64 Or. 247 (129 P. 1051); *State ex rel. Dickerson v. Tokstad,* 139 Or. 63 (8 P. (2d) 86).

We quite agree with appellant that part of the instructions given relative to corroboration were erroneous. If there were any doubt in our minds relative to the guilt of the defendant, such assignment would result in reversal. However, an examination of the entire record convinces us that the verdict rendered

was proper. We therefore invoke the salutary provision of article VII, section 3c of the Constitution of Oregon, which authorizes this court to affirm the judgment notwithstanding the errors committed. Such action was taken in a similar case (*State ex rel. Burghart v. Haslebacher,* 125 Or. 389 (266 P. 900)), wherein the court said, "This amendment blazes the way to true justice * * *." Defendant must fulfill his obligations to society by, at least, paying a reasonable amount for the support and maintenance of his child as ordered by the lower court.

Judgment is affirmed.

RAND, C. J., KELLY and ROSSMAN, JJ., concur.