Argued August 22, affirmed September 4, 1973

STATE ex rel FARRER, *Respondent, v.*
McGUIRE (No. 20), *Appellant.*

513 P2d 816

*Harold W. Adams,* Salem, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

PER CURIAM.

This is a paternity filiation proceeding in which a jury found that Danny Ray McGuire is the father of the petitioner's baby. In Mr. McGuire's appeal he contends that there was insufficient corroboration of the petitioner's charge that he and she had sexual intercourse by which the child was conceived. ORS 109.155 (1) provides in part:

> "* * * If paternity is denied, corroborating evidence, in addition to the testimony of the mother * * * shall be required."

In *State v. Tokstad,* 139 Or 63, 8 P2d 86 (1932), and *State v. Brake,* 99 Or 310, 195 P 583 (1921), it was held that the corroboration required must be sufficient to "fairly and legitimately [tend] to connect the defendant" with the conception of the child. The corroborating evidence must be of some substantial fact or circumstance which, independent of the petitioner's testimony, tends to connect the defendant with fatherhood of the child. In the instant case a workmate of the petitioner testified that "[e]very night when she [petitioner] got off she would be with him." Petitioner had testified that she and Mr. McGuire had lived together in an apartment, and it was there that intercourse had occurred. Later, the corroborating witness lived at that apartment. In answer to a question whether there was some indication that Mr. McGuire had been living in the apartment, she testified, "Yes. I received mail that came there to him." She also testified that someone came there looking for him. We find that this evidence, taken together, was sufficient corroboration.

Affirmed.