Submitted on record and briefs April 29, affirmed May 13, 1974

STATE ex rel S., *Respondent, v.*
V. (No. F-14), *Appellant.*

521 P2d 1319

Cameron C. Thom, Coos Bay, and McInturff, Thom, Collver & Rossi, Coos Bay, for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

This is a filiation proceeding. The putative father contends on appeal that there is not sufficient corroboration of prosecutrix's charge that they had sexual intercourse by which the child was conceived.

ORS 109.155 (1) provides in part:

"* * * If paternity is denied, corroborating evidence, in addition to the testimony of the mother * * * shall be required."

In *State v. Tokstad,* 139 Or 63, 67, 8 P2d 86 (1932), the court elaborated upon a similar statutory requirement as follows:

"Corroboration, as used in the statute under which this prosecution was had, means evidence which does not emanate from the mouth of the prosecutrix but such other and independent evidence as adds to, strengthens, confirms and corroborates her. It must be of some substantive fact or circumstance which, independent of her testimony, tends to connect the defendant with the commission of the offense. It may be either direct or circumstantial, or be wholly circumstantial, and however slight must tend to identify the defendant as the guilty party. It is not necessary that the testimony of prosecutrix be corroborated in every particular or upon every material point. But there must be a sufficient amount of confirmation to satisfy the jury of the truth of her testimony, so that the case shall not rest upon her credibility alone, however credible her testimony may be * * *."

*See also, State ex rel Farrer v. McGuire,* 14 Or App 446, 513 P2d 816 (1973).

In this case, two persons testified in corroboration of the prosecutrix's testimony. First, the prosecutrix's sister testified that the prosecutrix was in defendant's home at the time the prosecutrix said that the sexual intercourse took place. Second, a companion who was with the prosecutrix and defendant at defendant's home testified that defendant and the prosecutrix were alone together upstairs for one-half hour.

This testimony was sufficient to meet the requirements of the corroboration statute.

Affirmed.