Argued December 19, 1975, affirmed in part; reversed in part,
January 19, 1976

MOORE, *Respondent,*
*v.*
GRUETTER, *Appellant.*
(No. 394-128, CA 4634)
544 P2d 1047

*Robert A. Bennett,* Portland, argued the cause for appellant. With him on the brief were Willner, Bennett, Riggs & Skarstad, Portland.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

This is a proceeding to establish paternity under ORS 109.125 to 109.230. Defendant waived a jury determination of paternity. The trial court found that he was the father of plaintiff's child and ordered him to pay her $75 per month in child support and to pay $203 to the State of Oregon for expenses of childbirth paid by the Public Welfare Division. On appeal, defendant raises issues as to whether there was sufficient corroborative evidence to establish paternity and whether the judgment payable to the state was proper.

ORS 109.155(1) states that if paternity is denied, evidence corroborating the testimony of the mother is required. In *State ex rel Farrer v. McGuire,* 14 Or App 446, 447, 513 P2d 816 (1973), this court said:

> "In *State v. Tokstad,* 139 Or 63, 8 P2d 86 (1932), and *State v. Brake,* 99 Or 310, 195 P 583 (1921), it was held that the corroboration required must be sufficient to 'fairly and legitimately [tend] to connect the defendant' with the conception of the child. The corroborating evidence must be of some substantial fact or circumstance which, independent of the petitioner's testimony, tends to connect the defendant with fatherhood of the child. * * *"

The child was born on June 11, 1973, and was of normal weight and size. Defendant admits that he had sexual intercourse with plaintiff several times in October 1972, starting during the first week of the month. Plaintiff contends that they first met and had intercourse in mid-September.

There is also testimony by a friend of plaintiff that she saw plaintiff and defendant together over a period of at least six weeks, which supports plaintiff's testimony as to the length of the relationship and to its beginning in September. Both parties agreed that their relationship ended about the end of October. They also agreed that they had sexual intercourse within a few days of their meeting.

Defendant suggested that plaintiff had had sexual

relations with other men during September and October of 1972, but did not produce any supporting evidence. Plaintiff denied having sexual intercourse with anyone but defendant during those two months.

■ It was for the trial court to determine the question of paternity; our function is limited to determining whether there was sufficient corroborative evidence to meet the requirements of ORS 109.155(1). We conclude that defendant's admission of sexual intercourse with plaintiff plus the corroboration of her testimony about the length and beginning date of the relationship did tend to connect defendant with the fatherhood of the child and was sufficient corroboration of plaintiff's testimony to support the trial court's determination of paternity.

■ Defendant also assigns as error the portion of the order requiring him to pay $203 to the State of Oregon as reimbursement for expenses incident to the birth of the child. He contends that the state was not a party to the proceeding so that the court had no jurisdiction to award a judgment in its favor.

The state might have chosen to bring the action under ORS 109.125(1)(b), or perhaps to have intervened under ORS 13.030, but for reasons best known to itself it did neither, despite the fact the district attorney pursuant to ORS 109.125(3) represented the plaintiff. There is nothing in the record to support the conclusion that this proceeding was brought on behalf of Children's Services Division as it had authority to do under ORS 109.125(1)(b).

The judgment as to paternity and child support is affirmed; the judgment for the state is reversed.

Affirmed in part; reversed in part.