# STATE ex rel PLOURDE, *Respondent,*
## *v.*
# MAGEE, *Appellant.*
## (No. 97, CA 5702)

552 P2d 1341

*Gary L. Hill,* Roseburg, argued the cause for appellant. With him on the brief were Slocum and Poole, Roseburg.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this filiation proceeding the sole assignment of error on appeal is that the trial court erred in permitting exhibition to the jury of the 13-month-old child which was allegedly fathered by defendant. Defendant's argument is:

> "Filiation proceedings involving the issue of paternity have an unusually great potential for emotion and sensationalism. The risk of undue prejudice and other probative dangers is correspondingly significant. The most delicate evidence to be presented during the course of the plaintiff's case, i.e. the exhibition of the child, should be viewed and attended to by the court with caution. Specific guidelines on when, why and how the display should proceed must be followed in allowing the child to be presented to the jury. Where no guidelines are followed, as in the present case, emotion and sensationalism replace possible, and otherwise desirable, probative value."

Many jurisdictions do limit — in some instances to the point of exclusion — such evidence. Annotation, 55 ALR3d 1087 (1974). However, the Oregon Supreme Court has consistently held without qualification that in cases such as this it is proper to display to the jury even extremely young infants. *State v. Morrow,* 158 Or 412, 75 P2d 737, 76 P2d 971 (1938); *State ex rel. v. Bartlett,* 141 Or 560, 18 P2d 590 (1933); *State v. Tokstad,* 139 Or 63, 8 P2d 86 (1932). *See, In re Rowe's Estate,* 172 Or 293, 141 P2d 832 (1943).

Affirmed.