Argued November 15, 1976, affirmed January 17, 1977

# In the Matter of the Dissolution of the Marriage of
## GRIDLEY, *Appellant,*
### *and*
## GRIDLEY, *Respondent.*
### (No. 10479, CA 6482)
#### 558 P2d 1277

Anne MacDonald, Prineville, filed the brief for appellant.

Frederick S. Carman, Prineville, argued the cause for respondent. With him on the brief was James W. Powers, Prineville.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

LEE, J.

**LEE, J.**

Contending that "irreconcilable differences" between respondent and herself had caused the "irremediable breakdown" of their marriage, appellant-wife requested the circuit court to enter a decree dissolving that legal relationship;[1] she also requested the court to include in that decree a provision awarding her the care, custody and control of a child "born to the parties" on October 15, 1972, some six months before their marriage. In response appellant's husband acknowledged the existence of "irreconcilable differences" between the parties but specifically denied that he was the father of the child born out of wedlock in October of 1972.

Following a hearing on the petition, at which the evidence introduced consisted solely of appellant's own testimony, the circuit court made the following "findings of fact":

"1. Irreconcilable differences exist between the parties making a continuation of the marriage relationship impossible and [Appellant] is entitled to a Decree of Dissolution of the Marriage.

"2. [Appellant] did not prove by a preponderance of the evidence in accordance with ORS 109.155[1] that Respondent is the father of her minor child * * * born October 15, 1972 * * *."

Appellant has requested this court to review that decree, arguing that the evidence produced was, contrary to the finding of the circuit court, adequate to establish respondent's responsibility as the father of her minor child.

■ It is now well established that the paternity of a child may be determined in the context of a variety of legal proceedings, including a suit for the dissolution of a marriage, in addition to the statutory "filiation" proceedings (ORS 109.125 through

---

[1] "The dissolution of a marriage * * * may be decreed when irreconcilable differences between the parties have caused the irremediable breakdown of the marriage." ORS 107.025(1).

[ 147 ]

109.235).[2] In *Clarkston v. Bridge,* 273 Or 68, 539 P2d 1094 (1975), the court noted, however, that because the issues involved are precisely the same regardless of the context in which the question of paternity is litigated the procedural rules incorporated into the filiation statutes, specially designed to balance the interests of the parties involved, ought to be uniformly employed in every case.

In *Clarkston* the court specifically held that, when a circuit court is, as a consequence of the initiation of a proceeding authorized by the Uniform Reciprocal Enforcement of Support Act (URESA), ORS ch 110, called upon to determine whether the individual cited is, in fact, the father of the child in need of support, that individual must, as in a filiation proceeding, be provided with the option of having the issue of paternity resolved by a jury; the court also pointed out that:

> "In addition to the right to a jury determination of paternity in filiation proceedings, the legislature has provided for private hearings on the issue of paternity, ORS 109.155(1), and the right to demand blood tests, ORS 109.252. Moreover, *when paternity is denied by the putative father, evidence corroborating the testimony of the mother is required, ORS 109.155(1).* While it is unnecessary for us to decide in this case whether all the procedural protections required in filiation proceedings are applicable in [other] proceedings in which paternity is contested, we do not discern any reason why they should not be." 273 Or at 79, n 13. (Emphasis supplied.)

Although the court was not required to and specifi-

---

[2] ORS 109.070 provides in relevant part that the paternity of a person may be established:

"* * * * *

"(4) By filiation proceedings.

"* * * * *

"(6) By paternity being established or declared by other provision of law."

*See Fox v. Hohenshelt,* 275 Or 91, 549 P2d 1117 (1976); *Clarkston v. Bridge,* 273 Or 68, 539 P2d 1094 (1975); *Thom v. Bailey,* 257 Or 572, 481 P2d 355 (1971); *Moore v. Moore,* 231 Or 302, 372 P2d 981 (1962); *Wolf v. Goin,* 26 Or App 23, 552 P2d 258 (1976).

cally did not hold in *Clarkston* that the testimony of the mother must be corroborated in every case in which the issue of paternity is to be litigated, we do not at this time discern any reason why that rule should not have application to every proceeding which in effect serves the same function as a filiation proceeding. Accordingly, the burden imposed upon appellant by the court below was an appropriate one; she was, in fact, required to produce some evidence in corroboration of her own testimony in order to establish by a preponderance of evidence that respondent is the father of the child in question.

Although appellant was the only witness appearing at the hearing, and despite the fact that no other evidence of any kind was introduced, she contends here that her testimony was sufficiently corroborated by the showing that she and the respondent had, in fact, been married subsequent to the birth of the child involved. In effect appellant contends that the fact of the subsequent marriage is itself "evidence" which serves to corroborate her testimony to the effect that she became pregnant as a result of her relations with respondent and that their subsequent marriage was prompted by the birth of their child.[3]

As this court has previously noted, however, the corroboration required in a case of this nature must be provided by evidence of some substantial fact or circumstances which, independent of the mother's testimony, "fairly and legitimately" tends to connect the alleged father *with the conception of the child. See Moore v. Gruetter,* 24 Or App 137, 544 P2d 1047 (1976);

---

[3] Providing that the paternity of a person may be established "[b]y the marriage of the parents of a child after his birth," ORS 109.070(3) permits the acknowledged parents of a child born out of wedlock to establish that child's legitimacy by their own act; the statute has no application whatsoever to the case in which an individual marries a woman following the birth of a child, is charged with fathering that child, and denies that he is, in fact, the child's father. Unlike ORS 109.070(1) and (2) which create "presumptions" of paternity where a woman is cohabiting with her husband at the time of a child's conception or birth, ORS 109.070(3) does not serve to create any presumption that a man marrying a woman having had a child out of wedlock is the father of that child.

*State ex rel S. v. V.,* 17 Or App 392, 521 P2d 1319 (1974); *State ex rel Farrer v. McGuire,* 14 Or App 446, 513 P2d 816 (1973). Taken alone the marriage of appellant and respondent some six months after the birth of the child does not constitute "evidence" probative of the essential connection between respondent and the child's conception.

Affirmed. Costs to neither party.