Argued and submitted October 26, 1983, reversed and remanded January 25, 1984

JORDAN,
*Appellant,*

*v.*

RASK,
*Respondent.*

(D8103-61694; CA A26832)

674 P2d 1211

Francis E. Harrington, Portland, argued the cause and filed the brief for appellant.

David J. Sweeney, Portland, argued the cause for respondent. With him on the brief were Raymond M. Rask, and Gilbertson, Brownstein, Rask, Sweeney, Kerr & Grim, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This filiation proceeding was dismissed with prejudice at the close of petitioner's case due to insufficient evidence of respondent's paternity. ORCP 54B(2). Petitioner raises three assignments of error: (1) the dismissal pursuant to ORCP 54B(2) was erroneous; (2) the trial judge failed to make the findings which are required by ORCP 54B(2) when a case is dismissed with prejudice for lack of evidence; and (3) the trial judge abused her discretion by denying petitioner's motion to reopen the case.[1] We reverse.

This case was tried to the court in stages over a period of several months. Apparently, pretrial communications between counsel had left petitioner's attorney with the impression that paternity was undisputed. On the first day of trial in June, 1982, he called petitioner as his only witness and rested. Respondent thereupon attempted to make a dismissal motion to the court, but petitioner succeeded in securing a continuance so that she could present corroborative evidence. The case resumed in September, 1982, when petitioner offered two exhibits and the testimony of two new witnesses and rested again. Respondent immediately moved for a judgment of dismissal, which was granted. Thereafter, petitioner filed motions to reopen the case, for a new trial and for appointment of a guardian ad litem to intervene on the child's behalf. Ultimately, all of the motions were denied. This appeal followed.

Respondent's motion for judgment of dismissal was granted pursuant to ORCP 54B(2):

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the

---

[1] Given our holding that dismissal was erroneous, we do not reach the other assignments.

plaintiff, the court shall make findings as provided in Rule 62."

Under this rule, the moving party is entitled to a dismissal only when the opposing party has failed to introduce credible evidence on the essential elements of the cause of action. *Castro and Castro,* 51 Or App 707, 713, 626 P2d 950 (1981).

Petitioner offered the following evidence: (1) Her own testimony that she and respondent had sexual relations five or six times per week during the period of conception and that he was the father. (2) Testimony of other witnesses who established the existence of a relationship between the parties and the opportunity for sexual relations during the period in question. (3) Blood-typing test results that excluded 61 percent of all Caucasian males as the potential father, but failed to exclude respondent. (4) Additional blood tests (antigen analysis) that eliminated 94.3 percent of the Caucasian population as the potential father, but which established the probability of respondent's paternity at 93.5 percent. Additionally, in his pleadings, respondent admitted having sexual intercourse with petitioner during the period of conception but alleged that she was sexually active with other men at the same time.[2] On cross-examination, petitioner testified that on two occasions during the time she was seeing respondent she had had sexual intercourse with another man, but it had occurred several weeks before the child's conception.

The trial judge found the evidence insufficient to withstand respondent's motion to dismiss. From the bench, she articulated her rationale:

"These two witnesses that Miss Jordan brought this morning in no way proves whether or not there was any kind of sexual intercourse between Miss Jordan and Mr. Rask, which is the kind of case that this Court hears at least once a week, because Support Enforcement brings those cases with frequency, and I've heard no testimony whatsoever from the young lady that Miss Jordan brought to Court indicating that Mr. Rask ever said, 'Yes, I slept with this woman, and yes, I

[2] In his answer, respondent stated:

"* * * Respondent further alleges that he was not the only male having sexual relations with the petitioner during the period of time alleged in petitioner's Petition."

am the father,' or anything like that, or something, at least some kind of something coming as corroboration."

Essentially, the trial judge felt that there was a lack of corroboration. In cases where paternity is denied, evidence corroborating the testimony of the mother is required. ORS 109.155(1). However, it is unrealistic to expect someone who is denying paternity to say, "Yes, I am the father," and, even though such a statement would certainly corroborate petitioner's claims, it is not indispensable. In *Moore v. Gruetter,* 24 Or App 137, 139, 544 P2d 1047 (1976), we reiterated the longstanding test of sufficiency of corroboration in filiation cases:

" "* * * [T]he corroboration required must be sufficient to "fairly and legitimately [tend] to connect the defendant" with the conception of the child. The corroborating evidence must be of some substantial fact or circumstance which, independent of the petitioner's testimony, tends to connect the defendant with fatherhood of the child. * * *" " (Quoting *State ex rel Farrer v. McGuire,* 14 Or App 446, 447, 513 P2d 816 (1973)).

We find that the medical evidence and respondent's own admissions provide independent corroboration to connect respondent with fatherhood of the child. The facts of this case are very close to those in *Moore v. Gruetter, supra,* where we held that defendant's admission of sexual intercourse with plaintiff and a third party's testimony corroborating plaintiff's testimony about the length and beginning date of the relationship was sufficient corroborative evidence to support the trial court's determination of paternity. 24 Or App at 139-40. We conclude that, if there was sufficient evidence to support a verdict establishing paternity in *Moore,* there is easily enough evidence here to withstand a motion to dismiss. We therefore reverse.

Whenever possible in a case involving erroneous dismissal or inadequate findings under ORCP 54B, we simply remand for further proceedings or to have findings made. *See Joseph v. Cohen,* 61 Or App 559, 658 P2d 544 (1983). However, given the special circumstances of this case, including certain statements in the record concerning the trial judge's desire not to be involved further, we remand with the understanding that the case will be assigned to another judge for a new trial.

Reversed and remanded.