## FOX,
*Appellant - Cross-Respondent,*

*v.*

## OLSEN,
*Respondent - Cross-Appellant.*

(60-85-02750; CA A38137)

741 P2d 924

Edmund J. Spinney, Eugene, argued the cause and filed the brief for appellant - cross-respondent.

Alexander A. Wold, Jr., Eugene, argued the cause for respondent - cross-appellant. On the brief were Paula Downing and Dwyer, Simpson & Wold, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner appeals and respondent cross-appeals from a judgment for respondent in a filiation proceeding. Petitioner assigns as errors that the trial court granted respondent's motion for a directed verdict and excluded blood test results from evidence. Respondent assigns as error that the court failed to award attorney fees to him. ORS 109.155(4). On the appeal, we reverse; on the cross-appeal, we affirm.

We review the evidence in the light most favorable to petitioner. *Jacobs v. Tidewater Barge Lines, Inc.*, 277 Or 809, 562 P2d 545 (1977); *Dow v. Sears Roebuck & Co.*, 84 Or App 664, 734 P2d 1387 (1987). Petitioner gave birth to a child on November 14, 1982. She probably conceived between January 28, 1982, and February 11, 1982. Petitioner testified that she and respondent had had sexual intercourse on February 4 and February 7, 1982, and one other time later in February, although she could not remember the date. Respondent admitted that he and petitioner had had sexual intercourse on one occasion in December, 1981. He also admitted that he had driven petitioner home from a party on February 4, 1982.

Petitioner's friend, Mundell, testified that she had attended the February 4 party and had seen petitioner and respondent leave together in respondent's van. Means, another friend of petitioner, testified that, some time after the birth of petitioner's child, she had asked respondent if he could be the child's father and that he had responded, "Well, I guess it's possible but I don't really want to believe it." The court allowed the jury to view the child, then three years old, to see if she resembled respondent.

Although the court ordered the parties to submit to blood tests pursuant to ORS 109.252, it did not admit the results in evidence.[1] At the close of the evidence, respondent

---

[1] Petitioner's argument that the court erred when it excluded the test results is without merit. The court concluded that there was "a monumental gap in the chain of custody," because of lack of an affidavit or live testimony from the person at the testing laboratory who had transferred the blood to a tray from which the results were read. "[T]he exactness of proof of chain of possession rests in the sound discretion of the trial court." *Vander Veer v. Toyota Motor Distributors*, 282 Or 135, 146, 577 P2d 1343 (1978). The court did not abuse its discretion in excluding the results. Petitioner also argues that under OEC 703 the court should have admitted the opinion of the supervisor of the testing laboratory concerning the probability of respondent's paternity. She did not, however, make that argument below or make an offer of proof concerning what that opinion was.

moved for a directed verdict on the ground that there was "insufficient corroborating evidence in addition to the testimony of [petitioner]" to establish paternity. The court granted the motion.

ORS 109.155(1) provides:

"The court or the jury, in a private hearing, shall first determine the issue of paternity. If the respondent admits the paternity, such admission shall be reduced to writing, verified by the respondent and filed with the court. If the paternity is denied, corroborating evidence, in addition to the testimony of the parents or expectant parent, shall be required."

The test of sufficiency of corroboration in filiation cases is whether it is

" 'sufficient to fairly and legitimately [tend] to connect the defendant" with the conception of the child. The corroborating evidence must be of some substantial fact or circumstance which, independent of the petitioner's testimony, tends to connect the defendant with fatherhood of the child. * * *' " *Moore v. Gruetter,* 24 Or App 137, 139, 544 P2d 1047 (1976) (quoting *State ex rel Farrer v. McGuire,* 14 Or App 446, 447, 513 P2d 816 (1973)).

In *Moore,* the defendant appealed from a filiation judgment on the ground that there was insufficient evidence to corroborate the plaintiff's testimony. He had admitted having sexual intercourse with the plaintiff several times in October, 1972, but denied that he had intercourse with her in mid-September, the probable time of conception. Both of the parties agreed, however, that the relationship had ended at the end of October and that they had had sexual intercourse within a few days of their original meeting. A friend of the plaintiff testified that she had seen the plaintiff and the defendant together over a period of at least six weeks. The court held that the evidence was sufficient to corroborate the plaintiff's testimony:

"We conclude that defendant's admission of sexual intercourse with plaintiff plus the corroboration of her testimony about the length and beginning date of the relationship did tend to connect defendant with the fatherhood of the child and was sufficient corroboration of plaintiff's testimony to support the trial court's determination of paternity." 24 Or App at 140.

In *State ex rel Pershall v. Woolsey,* 32 Or App 257, 573 P2d 771 (1978), the state appealed from a judgment on a jury verdict for the respondent, who also denied having sexual intercourse with the petitioner during the probable time of conception. The court stated:

> "In addition to petitioner's testimony, other witnesses testified that petitioner and respondent went to Portland during the period of probable conception and spent two nights in the same bed, and that respondent had made statements to petitioner's brother indicating he thought he was the father of the child. This testimony was sufficient to meet the requirement of the statute. *State v. Tokstad,* 139 Or 63, 8 P2d 86 (1932); *State ex rel S. v. V.,* 17 Or App 392, 521 P2d 1319 (1974)." 32 Or App at 262.

Here, there was sufficient corroborating evidence to connect respondent fairly and legitimately with the fatherhood of the child. Respondent admitted that he and petitioner had had sexual relations in December, 1981. Respondent also admitted that he had driven petitioner home from a party on February 4, 1982, which was during the period of probable conception. Mundell testified that petitioner and respondent left the party together on the evening of February 4. Means testified that respondent had admitted to her that he could be the child's father. The court erred when it granted respondent's motion for a directed verdict.

In view of the reversal of the judgment, the cross-appeal is moot.

Reversed and remanded on appeal; affirmed on cross-appeal.