Argued April 16, reversed and remanded May 28, 1974

# THIRDGILL (No. 384-588), *Appellant, v.* WILLIAMS, *Respondent.*

522 P2d 911

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Phillip M. Margolin,* Portland, argued the cause for respondent. With him on the brief were Nash and Margolin, Portland.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

FORT, J.

This is an appeal by the state from a judgment entered in a filiation proceeding (ORS 109.125) pursuant to a jury verdict in favor of the defendant (ORS 109.155).

Error is assigned in the overruling of objections to certain questions asked during cross-examination of the plaintiff.

The questions objected to were asked to establish that at other times subsequent to the birth of the child in question the prosecutrix had borne on at least two occasions children fathered by two men other than the respondent.

No Oregon case dealing with this specific question has been called to our attention.

In 10 Am Jur 2d 927, Bastards § 116, the rule is stated:

"Evidence of sexual relations between the mother and men other than the accused, about the time of the commencement of the period of gestation, or of her association with other men at that time, is admissible upon the issue of the paternity of the child, and the mother may be interrogated on this point. But offers of evidence of relations between the complainant and others than the defendant, unlimited as to time, or referring to a time in which, in the course of nature, conception would have been impossible, will be rejected as irrelevant and immaterial * * *."

In *State v. Patton,* 102 Mont 51, 62, 55 P2d

1290, 104 ALR 76 (1936), the court considered this question at length. It said:

"* * * The witnesses might properly have been permitted to testify as to any admission made by prosecutrix as to acts of intercourse between herself and other men, provided such acts alleged to have been admitted by her occurred within the period of time when the child may have been begotten. (See 7 C. J. 990.) Testimony with respect to any such acts outside that particular period of time, or outside the period of gestation, was not admissible."

Here it is obvious that the acts of intercourse with two other men by each of whom she had borne illegitimate children in the years following the birth of the child here involved could not have occurred during the period of her pregnancy with this child.

Respondent contends it was his theory that the prosecutrix "was using her illegitimate children as a means of supporting herself."

In *State v. Newman,* 109 Or 61, 68, 218 P 936 (1923), the court said:

"The major object of the law is to provide for the maintenance of such a child by its putative father, and incidentally to relieve the state from the necessity of caring for such an offspring. The statute does not provide for the imposition of a penalty for an immoral or unlawful act. * * *"

Additionally, the court allowed, over objection, lengthy testimony concerning the circumstances of the death of one Raymond Lomax, identified by the prosecutrix as the father of her fourth illegitimate child, born two years after the child here in question, and that Mr. Lomax was murdered by a man who was the son of the woman with whom Mr. Lomax was then liv-

ing. Here respondent, though denying paternity, admitted having had intercourse with the prosecutrix during the period of time when the child here in question could have been conceived, some two years prior to her relations with and the death of Mr. Lomax.

Respondent now contends this was admissible because he claims the murder of Lomax occurred because the prosecutrix, through her harassing contacts with Mr. Lomax during her pregnancy with her fourth illegitimate child, was seeking to get him to support her and the child she accused him of fathering. We think it was error under the foregoing rule to have received this evidence and that it was prejudicial.

Reversed and remanded.