Argued November 14, 1977, reversed and remanded January 16, 1978

STATE ex rel LEONARD, *Respondent,*
*v.*
HOGAN, *Appellant.*
(No. P-76-47, CA 8617)
573 P2d 328

Donald S. Kelley, Roseburg, argued the cause for appellant. With him on the brief was Luoma, Kelley & Wolke, Roseburg.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Buttler and Roberts, Judges.

BUTTLER, J.

**BUTTLER, J.**

This appeal is from a judgment on jury verdict in a filiation proceeding (ORS 109.125 et seq) in which appellant was found to be the father of petitioner's child.

Appellant raises three assignments of error, all of which relate to the relevance of testimony regarding the sexual activity of petitioner both before and after the date of conception. The question presented is whether, in a filiation proceeding, evidence of sexual relations between the petitioner and a male person other than the respondent, before and after the date of conception, is admissible where there is evidence of one or more opportunities to engage in sexual intercourse during the time the child was conceived. The trial court held that it was not admissible. We reverse.

At trial, petitioner testified, without objection, that she entertained several young men in her bedroom in her parents' house during the period in which the child was conceived. Appellant sought to elicit testimony concerning petitioner's sexual relationship with one of these young men, one Coombs, both before and after the time of conception in order to show that not only was there an opportunity for the parties to have sexual intercourse, but also the inclination to do so. The court sustained objections to all such questions on the ground that the evidence sought thereby was not relevant. Appellant thereupon made an offer of proof, establishing that petitioner had engaged in sexual intercourse with Coombs before she had met defendant, and after she had broken off her relationship with defendant.

The state, in support of its position, relies on *Thirdgill v. Williams,* 17 Or App 509, 522 P2d 911 (1974). In that filiation proceeding, we held that evidence establishing that at other times subsequent to the birth of the child in question the petitioner had borne on at least two occasions children fathered by

two men other than the respondent was irrelevant to the issue of paternity, and therefore was inadmissible. It is apparent that *Thirdgill* involved only the relevancy of testimony regarding sexual activity subsequent to the birth of the child in question, there being no attempt to relate that conduct to the time of conception of that child. Accordingly, that case does not deal with the question presented here.

While the Oregon courts have not dealt with this question in the context of a filiation proceeding, they have considered it with respect to proof of adultery in both a criminal, *State v. Eggleston,* 45 Or 346, 77 P 738 (1904), and a civil setting. *Jenkins v. Jenkins,* 103 Or 208, 204 P 165 (1922); *Parsons v. Parsons,* 197 Or 420, 253 P2d 914 (1953). Those cases recognize that adultery is seldom established by direct evidence, and that circumstantial evidence thereof is sufficient if the following three facts are established: 1) the lustful disposition of the party charged towards the alleged paramour; 2) a like disposition on the part of the latter, and 3) the opportunity to commit the act.

In the case at bar, the proffered evidence goes further than establishing a lustful disposition of petitioner and Coombs, each toward the other. If lesser evidence, together with the opportunity, is sufficient to prove adultery, we see no reason why it is not relevant to the question of paternity, so long as the evidence relating to opportunity is tied to the time when conception occurred, and the inclination to engage in sexual intercourse spans that time period. It is for the jury to determine the effect of the evidence in a given case.

The California Supreme Court has applied the foregoing rule to filiation proceedings. In *Huntingdon v. Crowley,* 64 Cal 2d 647, 51 Cal Rptr 254, 414 P2d 382 (1966), that court said:

"* * * Ordinarily the mother's prior chastity or lack thereof is not an issue in a paternity suit, and it is error to ask questions for the sole purpose of discrediting her

by casting inferences of general or specific immorality. [Citations omitted.] Where the evidence relates primarily to the issue of the paternity of the child, however, it is admissible even though it may be incidentally degrading to the mother. Thus, as noted above, the defendant is allowed to introduce evidence that the mother had sexual intercourse with another man or other men during the probable period of conception. As sexual intercourse is seldom conducted in the presence of witnesses, however, that evidence is usually circumstantial. One such circumstance, of course, is the simple physical opportunity of the parties to have intercourse. That condition is a necessary one, but it is not sufficient in and of itself. * * * [T]here must ordinarily be an element of disposition or desire on the part of each to have sexual relations with the other. * * *" 414 P2d at 390.

The court went on to state:

> "Viewed in this light, the question is analogous to that presented in divorce cases in which the plaintiff spouse seeks to establish by circumstantial evidence that the defendant spouse committed adultery with a third party. In that situation the proof must show both an opportunity for illicit intercourse and a disposition or inclination of the parties to engage in it. [Citation omitted.] As the cases collected in the cited treatises demonstrate, however, there are numerous ways in which the required element of disposition or desire may be circumstantially proved." 414 P2d at 392.

One of the ways the element of disposition may be proved is by evidence of intercourse between the parties. As stated in 2 Wigmore, Evidence 355, § 398 (3rd ed 1940):

> "The prior or subsequent existence of a sexual passion in A for B is relevant, * * * to show its existence at the time in issue. * * *"

In the case at bar, it was established that petitioner had an opportunity to engage in sexual intercourse with other men through testimony indicating that she occasionally entertained them in her bedroom. Appellant's attempt to demonstrate a disposition or inclination were foreclosed by the court's refusal to admit

[ 93 ]

testimony that one of the men who had the "opportunity" at the crucial time had engaged in sexual intercourse with the petitioner before and after conception of the child in question.

We hold that in a filiation proceeding, when there is evidence of an opportunity for sexual intercourse, at or about the time of conception, between the petitioner and a person other than the respondent, evidence that the petitioner had engaged in sexual intercourse with that other person before and after conception is relevant to the issue of paternity. A reasonable inference may be drawn by the trier of fact that the inclination and the opportunity merged on the critical date.

Here, the jury was aware of the opportunity. The exclusion of the evidence from which it could infer that there existed an inclination or disposition was error, and we find that the error was prejudicial.

Reversed and remanded.