BELL, *Respondent,*
*v.*
ARRANT, *Appellant.*
(No. P76-87, CA 10649)
585 P2d 744

Darryl E. Johnson, Roseburg, argued the cause and filed the brief for appellant.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

In this filiation proceeding defendant appeals from the court's order allowing him only $500 for his attorney's fees. The jury had found that he was not the father of the child. He filed a cost bill claiming entitlement to $1,750 attorney's fee. After a hearing on the plaintiff's objections to the cost bill, the court entered an order, which in relevant part read:

"* * * [T]he parties represented to the Court that they had agreed as follows:

"1. There is a dispute only as to attorney's fees * * *.

"2. That between thirty and forty hours is a reasonable time to prepare for the defense of a filiation proceeding and further that $45.00 per hour is a reasonable attorney's fee, and further that Respondent shall not be required to produce further evidence as to the reasonableness of the attorney's fees.

"3. That the two sole issues for the Court to decide are as follows:

"a.) May Respondent be awarded attorney's fees if he has not pled and prayed for said fees in his answer?

"b.) What amount of attorney's fees may the Court award in view of the public policy for the State bringing filiation proceedings.

"* * * * *

"ORDERED, ADJUDGED AND DECREED that

"* * * * *

"2. That because of the public policy favoring the legitimation of children through filiation proceedings, attorney's fees are awarded in the sum of $500.00 * * *."[1]

---

[1] In his bench ruling the judge said:

"And, taking into account the obvious poverty of the petitioner in this case and the public policy that encourages the judicial determination of paternity where there is at least an ostensible case for it, I am awarding an attorney fee in this case of $500, which is substantially less than has been earned if you're considering what a private party would have to pay, but the nature of the case and the nature of the parties here I think warrants a substantial discount, as I have done."

We ordinarily cannot go behind the terms of an order (*State v. Swain/ Goldsmith,* 267 Or 527, 517 P2d 684 (1974)) and take into consideration matters not incorporated in the later writing. In this instance we believe it

■ ORS 109.155(4)[2] reposes discretion in the trial court whether to allow an attorney's fee and to determine amount thereof. The court here exercised that discretion in favor of allowing a fee[3] but did not see fit to be bound by the stipulation of the parties that both the time spent and the hourly rate were "reasonable" in this type of case in fixing the fee.

■ Although the stipulation went beyond a mere agreement on the amount of time and the attorney's usual hourly charge, it does not follow that there was nothing left about which the court could exercise discretion. The judge was entitled to conclude, as he did, that matters not the subject of the stipulation were of sufficient weight to warrant a smaller fee than defendant sought. There was no abuse of discretion.

Affirmed.

---

reasonable to read the order as incorporating the poverty of the plaintiff in the public policy reason for reducing the claimed fee. The record before us does not disclose the evidentiary basis for the court's conclusion about plaintiff's poverty, but in argument before the trial court it was recognized that the plaintiff was without personal means.

[2] "(4) * * * The court may grant the prevailing party reasonable costs of suit, including reasonable attorney fees."

[3] Plaintiff's objection challenged the allowance of any fee.