Submitted May 31, reversed and remanded July 16, 1979

# STATE OF OREGON,
*Respondent,*

*v.*

# PHILIP EDWARD MAAG,
*Appellant.*

(No. 78-1000-M, CA 13265)

597 P2d 838

Michael L. Mowrey, and Brown, Hughes, Bird & Lane, Grants Pass, filed the brief for appellant.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Mary J. Deits, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals from an order revoking his probation. The question presented is whether defendant's probation may be revoked for conduct which did not violate a condition of probation fixed by the sentencing judge at the time of sentencing, but was fixed by defendant's probation officer subsequent to sentencing. We hold that it may not, and reverse.

While the sentencing judge has substantial leeway in determining conditions of probation, the conditions must be fixed by the court.[1] ORS 137.540(1). *State v. Hovater,* 37 Or App 557, 588 P2d 56 (1978); *State v. Age,* 38 Or App 501, 590 P2d 759 (1979).

In this case, after the sentencing judge stated the special conditions of defendant's probation, the probation officer to whom defendant was assigned added the additional condition that defendant was not to use alcoholic beverages. It was for a violation of this condition that defendant's probation was revoked.

We hold that the condition in question was improperly imposed not only because it was not imposed by the sentencing judge, but also because conditions of probation may not be challenged after the time for appealing the sentencing order has run, and the practice followed here could frustrate the defendant's right of appeal.

Reversed and remanded.

---

[1] This is not to say that a probation order may not incorporate by reference pre-established and existing standard conditions of probation, but conditions so incorporated must be applicable generally to all probationers and delivered to the probationer at the time of sentencing. Special conditions need a factual basis and reasonable relationship to the particular defendant.