Submitted on record and briefs June 23,
reversed and remanded November 3, 1980

# STATE OF OREGON,
## *Respondent,*
### *v.*
# RONALD EDWARD PIKE,
## *Appellant.*

(No. 76-3576, CA 16401)

618 P2d 1315

Gary D. Babcock, Public Defender, and Steve Dixon, Certified Law Student, Salem, filed the brief for appellant.

J. Pat Horton, District Attorney, and Brian R. Barnes, Assistant District Attorney, Eugene, filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals from the trial court's order revoking his probation and executing the sentence previously imposed for assault in the second degree. He argues that of the four grounds alleged for revocation of probation in the amended order to show cause, two did not provide a legal basis for revocation and the other two were not proven.

The order of probation entered by the court after defendant's conviction of assault established three conditions of probation: (1) that defendant violate no laws; (2) that defendant carry out all rules and regulations established for him by the Corrections Division; and (3) that defendant pay costs in a specified amount. A form containing conditions of probation, signed by defendant, stated, "I agree not to use alcoholic beverages to excess. The excessive use of alcoholic beverages is understood to mean that it affects, disrupts or interferes with my domestic life, employment or proper community conduct."

Because of an altercation in which defendant was involved during his probation, defendant's probation officer orally added two new conditions of probation, ordering defendant not to frequent taverns and not to associate with "bikers."

On April 22, 1979, defendant was involved in a fight outside a tavern in Bend. After this incident, an amended order to show cause was filed, alleging defendant's violation of the terms of his probation in the following particulars:

"(1) The purposes of probation are not being served for the defendant did on or about April 22, 1979, in Deschutes County, Oregon, unlawfully and knowingly cause physical injury to Richard John Regan by means of deadly weapons, a knife and a pair of boots;

"(2) The purposes of probation are not being served for the defendant did on or about April 22, 1979, intentionally damage property owned by the City of Bend, Oregon, the defendant having no right to do so nor reasonable ground to believe he had such a right;

"(3) The purposes of probation are not being served for the defendant failed to abide by the counsel and direction of his probation officer by going into a tavern and by drinking alcoholic beverages in a tavern;

"(4) The purposes of probation are not being served for the defendant used alcoholic beverages to excess; * * * * * "

Defendant demurred to paragraphs (3) and (4), arguing, *inter alia,* that the actions alleged therein do not violate any condition specified in the order of probation. The trial court overruled this demurrer. After a hearing, the trial court entered an order revoking defendant's probation and ordering the sentence executed. The only finding in the court's written order pertinent to the allegations in the amended order to show cause was that "the purposes of probation are not being served."

We first address defendant's contention that paragraphs (3) and (4) of the amended order to show cause do not provide a legal basis for the revocation of defendant's probation under the rule of *State v. Maag,* 41 Or App 133, 597 P2d 838 (1979). In *Maag,* the court held that a defendant's probation may not be revoked for violation of a condition of probation not fixed by the trial court at the time of sentencing, but which was added by defendant's probation officer after sentencing. There, after the sentencing judge stated the conditions of the defendant's probation, the defendant's probation officer added the condition that defendant was not to use alcoholic beverages. This court reversed the trial court's order revoking the defendant's probation for violation of that condition. The rationale of this ruling was twofold. First, the conditions of probation must be fixed by the trial court. ORS 137.540(1). Second, imposition of conditions of probation by the probation officer after the time of sentencing could frustrate the defendant's right of appeal of those conditions. The court suggested that "a probation order may * * * incorporate by reference pre-established and existing standard conditions of probation, but conditions so incorporated must be applicable generally to all probationers and delivered to the probationer at the time of sentencing." 41 Or App at 135 n 1.

In this case, there is no evidence that the written form containing defendant's agreement not to use alcoholic beverages to excess was given to defendant at the time of sentencing.[1] Further, there was no proof that that condition

---

[1] This form was not designated as part of the record on appeal and is not before the court.

is "applicable generally to all probationers."[2] The order of probation did not incorporate this condition as a pre-established and standard condition of probation. Consequently, paragraph (4) is not a proper basis upon which to revoke defendant's probation because it was not set by the court. Similarly, the oral admonition of the probation officer that defendant not frequent taverns or associate with bikers was invalid for the same reason.

■      There was evidence presented at the hearing from which the trial court could have found that defendant committed the acts alleged in paragraphs (1) and (2) of the amended order to show cause. This conduct would be a proper basis upon which the trial court could revoke defendant's probation. *See Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964). From the trial court's written order we are unable to determine whether the court would have revoked defendant's probation if it had considered only those allegations that could legally provide the basis for revocation. Likewise the oral statements made by the court at the time of sentencing mentioned both violations of conditions imposed by the court and conditions imposed by the probation officer.[3] Since we cannot determine whether probation was revoked for permissible or impermissible reasons, we remand this case to the trial court for its decision on this issue.

Reversed and remanded.

---

[2] Whether this condition has a factual basis and bears a reasonable relationship to the defendant is not an issue here.

[3] *See Bell v. Arrant,* 36 Or App 795, 585 P2d 744 (1978) n 1.