666
Argued and submitted May 13, remanded
for reconsideration August 24, 1981

STATE OF OREGON,
*Respondent,*
*v.*
V'ESTHER BROWN,
*Appellant.*
(No. C 79-01-30323, CA 19200)
633 P2d 20

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. On the brief was Gary D. Babcock, Public Defender, Salem.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R.

McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant appeals from the trial court's order revoking his probation and imposing sentence for his conviction on two charges of first degree theft.

In May, 1979, defendant was found guilty by the court on two counts of first degree theft. Sentence was suspended, and defendant was placed on probation. The conditions of probation were that defendant: (1) abide by the rules and regulations of the Corrections Division; (2) not violate any laws; (3) make restitution in the amount of $800; and (4) seek and maintain full-time employment.

On May 27, 1980, the Corrections Division submitted a recommendation that defendant's probation be revoked. The reasons given were that defendant had failed to maintain full-time employment and that he had been cited for driving while suspended. The report noted that defendant had not met his obligation to make restitution.

On June 15, 1980, defendant was arrested and charged with robbery in the first degree. As a result of that arrest, the revocation recommendation was supplemented to include that charge as an additional reason for revoking probation. Defendant was found guilty of first degree robbery after a trial by jury on August 22, 1980. A probation revocation hearing was held on August 26, 1980. The only issues addressed on the record were defendant's failure to make restitution and his robbery conviction. The trial court focused on the conviction in ordering that probation be revoked.

On September 24, 1980, the court imposed on defendant the maximum sentence of five years on each of the two theft counts and directed that they be served consecutively. At the sentencing hearing there was a general discussion of all allegations and factors which formed the basis for the recommendation to revoke probation.

On September 29, 1980, defendant was sentenced to 15 years imprisonment for his conviction of robbery in the first degree. On October 22, the court, acting on defense counsel's motion, ordered that defendant be granted a new trial on the basis of newly discovered evidence. The court subsequently found defendant to be not guilty of the

charge, and an order vacating the sentence previously imposed was entered.

■ Defendant requests remand to the trial court for reconsideration of his probation revocation in light of his acquittal on the robbery charge. The issue at a revocation hearing is whether the purposes of probation are being served. It is not necessary that the person on probation be convicted of a new crime. *Barker v. Ireland,* 238 Or 1, 392 P2d 769 (1964); *State v. Stephens,* 47 Or App 305, 614 P2d 1180 (1980).

■ The revocation and sentencing hearings focused on the robbery conviction. The trial court made no findings with regard to the other allegations of probation violations, all of which were minor in comparison to the felony charge. Given the severity of the sentence imposed, we conclude defendant's conviction was the primary, if not the sole basis for revoking his probation. Under these circumstances, it is appropriate to remand the case to the trial court so that it can make a decision in light of the vacation of the robbery conviction. *Cf. State v. Pike,* 49 Or App 67, 618 P2d 1315 (1980). We wish to make it clear that we do not hold that defendant's probation may not be revoked. If on remand the trial court finds that the rehabilitative purposes of probation were not being served, it may exercise its discretion accordingly.

Defendant is a parolee. He also contends that the court erred in ordering his sentence to be served consecutively to any time he might be required to serve if his parole is revoked. In light of our determination in this case, we decline to review that issue at this time.

Remanded for reconsideration.