Submitted on record and briefs July 21, reversed August 18, 1982

STATE ex rel PERSHALL,
nka Gacquindo,
*Respondent,*

*v.*

WOOLSEY,
*Appellant.*

(No. P-76-6, CA A22682)

649 P2d 625

Dean Heiling and Heiling & McIntosh, Roseburg, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General and Kay Kiner James, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM.

## PER CURIAM

This is a filiation proceeding which has been considered by this court on two previous occasions and reconsidered on one occasion. This case was first before this court on appeal by the state from a judgment entered on a jury verdict in favor of defendant. The state assigned as error the admission, over its objection, of certain evidence at trial. We found the evidence was erroneously admitted and reversed and remanded. *State ex rel Pershall v. Woolsey,* 32 Or App 257, 573 P2d 771 (1978). At the second trial defendant was found to be the father of the child. Defendant appealed, assigning as error: (1) the court's rejection of defendant's offer of proof that the mother had sexual intercourse with another man around the time of conception; and (2) the trial court's award of past and future child support, attorney fees, and medical costs in an amount exceeding defendant's ability to pay. We affirmed the trial court. *State ex rel Pershall v. Woolsey,* 51 Or App 339, 625 P2d 1340 (1981).

Defendant filed a petition for reconsideration of our decision. We granted reconsideration and adhered to our prior opinion on defendant's first assignment of error, but remanded the case to the trial court for "further evidence regarding the needs of the child, the financial condition of the mother, the interests of the state, and the father's present ability to pay." *State ex rel Pershall v. Woolsey,* 52 Or App 69, 627 P2d 520 (1981). On October 14, 1981, the trial court heard further evidence relative to the award of child support, attorney fees and costs, and on October 14, 1981, entered its order. It is from this order which defendant now appeals.

In the present case, defendant challenges the trial court's admission into evidence of the mother's affidavit. The affidavit set forth the mother's financial condition. It was admitted for use as substantive evidence over a timely hearsay objection. The state concedes error. Because the record, without the affidavit, is insufficient to support the trial court's order, the order is reversed.

Reversed.