Argued and submitted March 16, reversed and remanded April 22, 1987

STATE ex rel STATE OF WASHINGTON,
Department of Social and Health Services,

MARTIN,
*Appellant,*

*v.*

DILWORTH,
*Respondent.*

(D8408-66084; CA A40178)

735 P2d 1281

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

E. Ted Meece, Portland, argued the cause for respondent. With him on the brief was Deich, Hinton & Meece, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this filiation proceeding, the state appeals from a judgment entered on a jury verdict for respondent. It argues that errors were made in three separate evidentiary rulings which resulted in the admission of irrelevant and prejudicial evidence. We agree and reverse.

The state first assigns error to the trial court's denial of its motion to exclude any reference to mother's husband, Beeson. Mother was married to him on December 23, 1977. In June, 1978, they separated. Respondent did not dispute mother's testimony that, although she had stayed with Beeson at his home for three days in November, 1978, she did not have sexual relations with him after June, 1978. The child for whom paternity is sought to be established was born in January, 1980. The date of conception was either in March or, more likely, April, 1979.

■ OEC 402 (ORS 40.155) provides that relevant evidence is admissible, unless otherwise provided. OEC 401 (ORS 40.150) defines "relevant evidence" as

> "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In a filiation proceeding, the question is whether the respondent is the father of the child. Thus, evidence that the mother had engaged in sexual intercourse with a person other than the respondent around the time of conception is relevant to show the possibility that the other person is the father. The evidence must relate to the time when conception occurred. *See State ex rel Leonard v. Hogan,* 32 Or App 89, 573 P2d 328 (1978).

The state argues that, because mother was not cohabiting with Beeson at the time of conception and it is undisputed that she had not engaged in sexual intercourse with him for nearly a year before the time of conception, evidence of her marriage to him is irrelevant and highly prejudicial, because it portrays her as an adulteress. In response, respondent says merely that the state cannot complain, because it opened the door to that evidence by mentioning Beeson in its opening statement.

■ ■   We agree that, in this case, evidence of mother's marriage or her relationship with Beeson is not relevant and should have been excluded. The state did not open the door to admission of that evidence by referring to Beeson in its opening statement, which occurred after its motion to exclude reference to him had been denied.[1]

■   In its second assignment of error, the state challenges the trial court's denial of its motion to exclude evidence of mother's relationship with Hedgepeth. During the period in which conception could have occurred, mother rented a room in his house. He testified that they did not share a bed, and there was no evidence that their relationship was sexual. In *State ex rel Leonard v. Hogan, supra,* we said that, in filiation actions, evidence that, during the time when conception occurred, the mother and the respondent had a "lustful disposition" toward each other and had the opportunity to engage in sexual intercourse is relevant. The rule is similar when the person in question is someone other than the respondent. Although a putative father should be allowed to present evidence that the mother was engaging in sexual relations with other men during the pertinent time, or had the opportunity and inclination to do so, there is no reason to admit evidence that she rented a room in a house owned by a man when there is absolutely no other basis for concluding that they ever engaged in sexual intercourse or had the inclination to do so. The evidence should have been excluded.

■   Finally, the state argues that the trial court erroneously allowed respondent to testify that mother "had many relationships with many men" four years before the date of conception. We agree.

> "In a paternity suit, the mother's prior sexual conduct or general moral character is not an issue * * *. Evidence of sexual relations between the mother and men other than the [respondent] must be limited to the time surrounding the date of conception." *State ex rel Pershall v. Woolsey,* 51 Or App 339, 342, 625 P2d 1340, *modified on other grounds* 52 Or App 69, 627 P2d 520, *rev den* 291 Or 9 (1981), citing *Thirdgill v. Williams,* 17 Or App 509, 522 P2d 911 (1974).

---

[1] The state had sought and been granted a partial summary judgment resolving the issue of the disputable presumption of paternity in ORS 109.070(2) against respondent. Respondent conceded in closing argument that neither Beeson nor Hedgepeth could be the father.

*See also State ex rel Leonard v. Hogan, supra.*

Here, respondent testified that, when he met and became involved with mother four years before the child was conceived, she was having many relationships with many men. From that evidence, he then argued in closing argument that he is "inclined to think there were others during this period of time also." The connection between alleged relationships with men four years before the time of conception and the actual time of conception is not tenuous, it is nonexistent. Although we agree that it generally would be relevant that, around the time when conception occurred, mother was engaging in sexual relations with men other than respondent, the evidence presented did not relate in any way to the time of conception. It could prove nothing but would be prejudicial to mother. The trial judge apparently concluded that, because she had allowed the jury to hear evidence regarding mother's continuing relationship with respondent, which began in 1975, she must also admit evidence of other alleged relationships in 1975. That was error. It may or may not have been relevant to this proceeding that mother and respondent had had a sexual relationship that continued for a number of years; however, that issue is not before us. It clearly was not relevant whether mother had had sexual relationships with other men four years before she conceived the child.

■ Although admission of just one of the pieces of irrelevant evidence—standing alone—might not have been prejudicial, the jury's decision may well have been tainted by the cumulative effect of the evidence. Accordingly, we reverse.

Reversed and remanded.