Argued and submitted May 4, reversed and remanded June 29, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*

VALORA RIVERA-WADDLE,
aka Valora Rivera,
*Defendant-Appellant.*

Lane County Circuit Court
201310878; A156817

379 P3d 820

Kenneth A. Kreuscher argued the cause and filed the brief for appellant.

Michael S. Shin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

## DEVORE, J.

Defendant appeals a judgment revoking her probation. She assigns error to the trial court's determination that her probation should be revoked for violations of the terms and conditions of her probation. Defendant acknowledges that she did not preserve either of her two claims of error but requests that we review them as plain error. ORAP 5.45(1). As to defendant's first assignment of error, regarding a special probation condition that was not imposed by the trial court, we agree that the error is plain, and we exercise our discretion to correct it. We do not reach defendant's second assignment of error regarding revocation of her probation for failing to pay financial obligations without necessary findings; that is an issue that the trial court can consider in the first instance on remand. We reverse and remand.

Defendant pleaded guilty to the offense of assaulting a public safety officer, ORS 163.208, and was sentenced to 60 days of incarceration and 36 months of probation. The judgment required that defendant pay a $200 fine, to be paid "on a schedule set by [her] probation officer." The general conditions of probation included, among other things, a catch-all provision that defendant "[r]eport as required and abide by the direction of the supervising [probation] officer." None of defendant's probation conditions prohibited her from consuming alcohol. During her period of probation, however, she signed three "action plans," as presented to her by her probation officer, in which she agreed to abstain from intoxicants.[1]

Before the end of her probation term, the state alleged that defendant violated the terms of her probation, and defendant was ordered to show cause why her probation should not be revoked. The state alleged five bases for revocation: (1) failure to pay court-ordered financial obligations, (2) failure to abstain from the use of intoxicants, (3) failure to provide a physical address, (4) failure to abide by the probation officer's "direction," and (5) failure to report to the probation officer at designated times.

---

[1] Defendant's probation officer testified that defendant signed those action plans on three separate dates.

At the show cause hearing, defendant's probation officer testified that defendant had not "made any payments on her fees," that she had consumed alcohol on multiple occasions, that she did not provide a physical address, and that she had a pattern of missing her reporting appointments. He testified that, by the time defendant had reported to him, he "told her [he] already filed a [probation violation] because [he] hadn't been able to locate her" for some time. Defendant provided testimony that she was homeless and did not have a permanent address, that she had not been drinking, and that she tried to have meetings with her probation officer but could not always make appointments on the designated dates. Defendant did not offer any testimony about the court-ordered fines.

Defendant's counsel argued in closing that, given defendant's ongoing challenges with mental health issues and homelessness, she had made an unusual effort to comply with each of the conditions of her probation and that "she was abiding but not necessarily specifically the way she was supposed to abide." With regard to the failure to pay her financial obligations, counsel stated, "[S]he was a homeless person. I don't think that she was able to do that. And I don't think that actually she gave testimony on that, so we will concede that issue."

The court ruled that defendant had violated the "terms and conditions of her probation in all five particulars alleged, by a preponderance of the evidence[.]" The court revoked defendant's probation and sentenced her to 30 months of incarceration and 24 months of post-prison supervision. On appeal, she advances two assignments of error challenging the revocation.

First, defendant contends that the trial court plainly erred in revoking her probation because the court could not determine that she had violated a condition of her probation on the basis that she had consumed alcohol. Defendant relies on *State v. Maag*, 41 Or App 133, 135, 597 P2d 838 (1979), for the proposition that a defendant's probation may not be revoked "for conduct which did not violate a condition of probation fixed by the sentencing judge at the time of sentencing, but was fixed by defendant's probation officer

subsequent to sentencing." In light of *Maag*, she argues that the purported condition requiring her to abstain from intoxicants was imposed by the probation officer and probation cannot be revoked based on a violation of a condition that the court itself did not impose.

The state does not directly address the merits of defendant's argument or otherwise attempt to distinguish *Maag*. The state contends that any error would be harmless because the trial court had determined that the state had proved all *five* allegations and "the trial court did not give any indication that it more heavily weighed or more seriously considered the alcohol use evidence because it was separately alleged, nor did the trial court suggest that the quantity—five versus less—or cumulative effect of the allegations made it more likely to revoke than not." The state concludes that the trial court would have reached the same ultimate determination to revoke defendant's probation, regardless of the condition that she abstain from intoxicants.

We agree that defendant's assignment of error is unpreserved and depends upon plain-error review. We may review an unpreserved assignment of error as "an error of law apparent on the record" under ORAP 5.45(1) if certain conditions are met: (1) the error is one of law; (2) the error is "apparent"—that is, the legal point is obvious and is not reasonably in dispute; and (3) the error appears "on the face of the record"—that is, "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Where those conditions are satisfied, we must determine whether to exercise our discretion to reach the error and correct it. *State v. Reynolds*, 250 Or App 516, 521, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (citing *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991)). Among the factors that we consider in deciding whether to exercise our discretion are

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the polices behind the general rule requiring preservation of error have been served in the case in

another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. Additionally, we consider "whether the defendant encouraged the trial court to make the error; whether the defendant made a strategic choice not to object; and whether the trial court could have corrected the error if the defendant had raised it below." *State v. Lusk*, 267 Or App 208, 212, 340 P3d 670 (2014) (citing *Reynolds*, 250 Or App at 521).

We conclude that there is error apparent on this record and that the error is without any reasonable dispute. A pair of cases demonstrates the error in this case. In *Maag*, the defendant's probation officer added a special condition to the defendant's probation, subsequent to sentencing, requiring him to abstain from alcohol. 41 Or App at 135. "It was for a violation of this condition that defendant's probation was revoked." *Id*. On appeal, we addressed whether a court may revoke a defendant's probation for "conduct which did not violate a condition of probation fixed by the sentencing judge at the time of sentencing, but was fixed by defendant's probation officer subsequent to sentencing." *Id*. We concluded that such a condition is improper, because conditions of probation must be imposed by the sentencing court, and permitting a probation officer to impose additional conditions could undermine a defendant's rights to appeal probation conditions. *Id*.

In *State v. Pike*, 49 Or App 67, 618 P2d 1315 (1980), we addressed a similar challenge to revocation of the defendant's probation. In that case, the trial court had imposed three probation conditions. The defendant later signed a form containing those three conditions and an additional term that the defendant agreed not "'to use alcoholic beverages to excess.'" *Id*. at 69. During the period of his probation, the defendant was ordered to show cause why his probation should not be revoked; that order included an allegation, among others, that the "purposes of probation are not being served for the defendant used alcoholic beverages to excess[.]" *Id*. at 70. The trial court ultimately determined that the defendant's probation should be revoked and

entered an order stating only that "'the purposes of probation are not being served.'" *Id.*

On appeal, we concluded that the added condition that the defendant abstain from excessive use of alcohol was invalid under *Maag. Id.* at 70-71. We observed, however, that "[t]here was evidence presented at the hearing from which the trial court could have found that defendant committed the acts alleged in * * * the amended order to show cause" and that that conduct "would be a proper basis upon which the trial court could revoke defendant's probation." *Id.* at 71. Nevertheless, because we were "unable to determine whether the court would have revoked defendant's probation if it had considered only those allegations that could legally provide the basis for revocation" and because we could not determine "whether probation was revoked for permissible or impermissible reasons," we reversed and remanded the case to the trial court. *Id.*

This case cannot be distinguished from *Maag* and *Pike.* As we have observed, "a probation officer's status with respect to his probationer is derivative. It cannot be greater than that of the court which gave the probationer into his charge." *State v. Stephens,* 47 Or App 305, 312, 614 P2d 1180 (1980), *reh'g den,* 50 Or App 595 (1981). Although defendant signed "action plans" requiring her to abstain from intoxicants, that condition was imposed after sentencing by her probation officer pursuant to a catch-all provision that she "[r]eport as required and abide by the direction of the supervising officer." Therefore, the added condition that defendant abstain from use of intoxicants is invalid. For that reason, we conclude that the condition that defendant abstain from use of intoxicants was an improper basis upon which the trial court may revoke defendant's probation. *See also Stephens,* 47 Or App at 312-13 (erroneous revocation of defendant's probation for violating mandatory consent-to-search condition imposed by the defendant's probation officer pursuant to a catch-all provision in probation order).

Although we conclude that the trial court plainly erred, our analysis does not end, because we must also decide whether to exercise our discretion to correct it. *Ailes,* 312 Or at 382. In this case, defendant did not encourage the trial

court to make the error, and there appears to be no strategic reason that defendant may have had for withholding an objection. *Lusk*, 267 Or App at 212. In considering the gravity of the error, we cannot tell from the court's ruling whether it "would have revoked defendant's probation if it had considered only those allegations that could legally provide the basis for revocation," nor to what extent the court considered violation of the invalid condition as a basis for revocation. *Pike*, 49 Or App at 71; *see State v. Monroe*, 275 Or App 563, 565, 365 P3d 140 (2015) (affirming where trial court "found that any one of the bases would have been sufficient to support the revocation" of the defendant's probation). Given that our burden in reviewing and correcting the error is minimal and that consideration of probation revocation according to the law "serves the ends of justice," we elect to exercise our discretion to correct the error here. *State v. Donner*, 230 Or App 465, 469, 215 P3d 928 (2009) (correcting plain error regarding sentencing); *see also State v. Johnson*, 271 Or App 272, 275, 350 P3d 556 (2015) (reviewing trial court's imposition of sanction for probation revocation for plain error and exercising discretion to correct it).

Finally, defendant contends that the trial court plainly erred in revoking her probation because she violated a term of probation requiring her to pay her financial obligations. *State v. Fuller*, 12 Or App 152, 159-60, 504 P2d 1393 (1973), *aff'd sub nom Fuller v. Oregon*, 417 US 40, 94 S Ct 2116, 40 L Ed 642 (1974) (requiring the trial court to make specific findings before revoking a defendant's probation for failure to pay costs). We do not reach the issue. On remand, the trial court will have an opportunity to address in the first instance the other arguments that defendant urges us to review as plain error. *See, e.g., State v. Jay*, 251 Or App 752, 753 n 1, 284 P3d 597 (2012), *rev den*, 353 Or 209 (2013) (declining to address contentions under the strictures of plain-error review where the trial court would have an opportunity to consider the same issue on remand).

Given the error concerning the alcohol condition, we reverse the judgment and remand to the trial court for reconsideration in light of the other four potential bases for revocation. *See State v. Mast*, 109 Or App 485, 486, 819 P2d 1392 (1991) (reversing and remanding for reconsideration

"[b]ecause it is unclear whether the consumption of alcohol was a basis for revoking the [defendant's] probation" and that condition was an improper basis for revocation); *see also State v. Burkette*, 275 Or App 135, 147, 364 P3d 10 (2015) (reversing and remanding for the trial court to determine whether revocation proper on alternative basis).

Reversed and remanded.