Submitted November 23, 2020; in Case Number 19CR20501, conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed; in Case Number 15CR31837 affirmed March 31, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEVON THOMAS LEE BOCK,
*Defendant-Appellant.*

Marion County Circuit Court
19CR20501, 15CR31837;
A171080 (Control), A171081

484 P3d 403

David E. Leith, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

In Case Number 19CR20501, conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case Number 15CR31837 affirmed.

## PER CURIAM

In the first of these consolidated cases, defendant contests his conviction of first-degree criminal mischief, ORS 164.365 (Count 1) and second-degree burglary, ORS 164.215 (Count 2). Defendant was also found guilty by the jury of another count of second-degree burglary (Count 3), which was merged with the guilty verdict for Count 2. A jury poll indicated unanimity for Counts 2 and 3, but not Count 1. In the second of these consolidated cases, defendant was found to have violated probation by engaging in new criminal activity. On appeal, defendant claims, in three assignments of error, that the trial court erred by (1) providing a jury instruction allowing nonunanimous verdicts, (2) accepting a nonunanimous verdict on Count 1, and (3) relying on the faulty convictions to find that defendant violated probation in the second case.

In the first assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal on all counts. After the United States Supreme Court ruled against nonunanimous verdicts for serious offenses in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury returned mixed verdicts, the "instructional error is harmless as to the unanimous verdicts." *Id.* at 329. We therefore reject the first assignment of error.

In his second assignment, defendant claims that accepting the nonunanimous verdict for Count 1 was plainly erroneous. The state concedes that, in light of *Ramos*, the conviction for Count 1 cannot stand. We agree, and for the reasons set forth in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), exercise our discretion to correct the plain error. We therefore reverse and remand the conviction as to Count 1.

In the third assignment of error, defendant argues that, if we conclude that *Ramos* requires reversal of his convictions, we must reverse the probation revocation.

Defendant, however, has not explained the extent of the trial court's purported error in revoking his probation when, as it happens in this instance, *Ramos* requires reversal and remand only on Count 1, while leaving the other count of conviction undisturbed. Further, defendant cites *State v. Brown*, 53 Or App 666, 669, 633 P2d 20 (1981), for the proposition that a probation revocation is remanded when the "primary" basis of the revocation was a vacated conviction. But defendant fails to provide us with an explanation for his suggestion that the conviction on Count 1 was the primary basis for the revocation. It is not clear that that would be so given that a condition of defendant's probation was that he "[o]bey all laws" and that defendant admitted that he violated probation by engaging in new criminal activity and did not seek a hearing. We therefore affirm defendant's probation revocation because defendant has not sufficiently developed grounds for concluding otherwise.

In Case Number 19CR20501, conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case Number 15CR31837 affirmed.