686 March 11, 2026 No. 189

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRANK WILLIAMS,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR61827; A184096

Amy M. Baggio, Judge.

Argued and submitted February 4, 2026.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

In this criminal appeal, defendant seeks the reversal of the judgment revoking his probation on Counts 2 and 4 and imposing consecutive sanctions on each. The gist of defendant's arguments is that the trial court mistakenly believed that he was prohibited from having contact with C as a condition of probation, when in fact that was a probation condition in another case that was also before the court at the time. In three assignments of error, defendant argues that the trial court erred by (1) finding that contact with C was a violation of his probation, (2) revoking his probation based in part on his contact with C, and (3) imposing consecutive incarceration sanctions based in part on his contact with C. None of those arguments are preserved, but he asks that we review for plain error.[1] The state responds that any error was not plain and, alternatively, that we should decline to exercise our discretion to correct any plain error. We conclude that the court did commit plain error in all three regards and exercise our discretion to correct those errors. We therefore reverse and remand.

*Background.* At the time of the probation-violation hearing at issue, defendant was on probation in two separate cases, "the assault case," for which he was serving probation on two counts, and "the coercion case," for which he was serving probation for one count. This appeal concerns only the assault case, with the coercion case serving only as important context.

As a condition of probation in both cases, defendant was required to abide by the general conditions of probation. But only in the coercion case was defendant prohibited from having contact with C. In a single probation-violation report, defendant's probation officer alleged that defendant violated his probation conditions in both cases. The report

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to consider a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). It is a matter of our discretion whether to correct a plain error that was not harmless. *State v. Ortiz*, 372 Or 658, 671-72, 554 P3d 796 (2024).

specifically listed both case numbers, but it alleged—without distinguishing between the cases—that defendant committed three violations. Two of those violations were the violation of two different general conditions of probation (which both occurred on February 7), and the third violation was the violation of a no-contact order with regard to C (which occurred on March 7).

At the probation-violation hearing, defendant stipulated that he committed all three violations. The only points in dispute were whether to revoke probation and how to craft an appropriate sanction. The prosecutor and probation officer requested revocation on all three counts in the two cases. The prosecutor asked that two of the three sanctions be run consecutively, and the probation officer asked that all three run consecutively. Defendant asked the court to impose a 90-day sanction and continue probation on all three counts.

The trial court ultimately followed the probation officer's recommendation. But before doing so, the court questioned whether it had the legal authority to run all three of the revocation sanctions consecutively. The prosecutor believed it was permissible, in part, because of the "two separate dates of violations with different types of violations" and the fact that different victims were involved in the underlying crimes.

In revoking defendant's probation, the court found that "the purposes of probation *** are not being served in either of his cases" and explained that "it is patently obvious that [defendant's] probations will be revoked." It then went on to explain its basis for running the sanctions on Counts 2 and 4 consecutively:

"[THE COURT:]   And again, for the record here, we have three different admitted violations.

"One during - two of them happening on the same date, February the 7th, but in two different particulars, and then a separate incident in March - on March the 7th. So that—that combination of circumstances provides a - the Court's basis for the imposition of the consecutive 364-day term for the revocation on Count number 4 in [the assault] case.

"And then [in the coercion case], the Court will revoke supervision on Count 5, and sentence the Defendant to the 364-day jail term. And for the same reasons because we have three different incident dates, two different victims, we have three separate admitted violations, the Court finds a basis to impose that revocation sentence consecutively as well."

*Analysis.* Defendant's three assignments of error all turn on the premise that the trial court acted on the mistaken belief that contact with C constituted a violation of probation in the assault case—*i.e.,* the case on appeal. The state contends that the record is ambiguous as to whether the trial court actually operated under that misunderstanding. We conclude that it is obvious and beyond dispute that the trial operated on the mistaken belief that contact with C constituted a violation of probation in the assault case.

We so conclude because the court explicitly based its decision to impose consecutive sanctions on, among other things, the fact that defendant committed probation violations on two different occasions—February 7 and March 7—which correspond, respectively, to the dates that defendant violated the two general conditions of probation and violated the no-contact order. Therefore, we know that the trial court thought that the no-contact condition was applicable to the assault case—at least in the moment that it was making its ruling. The existence of that mistake is then corroborated by the written judgment, which also lists the violation of the no-contact order as a basis for the court's decision. That mistake was then necessarily one of the considerations relied upon by the court in deciding whether to revoke probation and whether to run the sanctions consecutively. Thus, we conclude that the court plainly erred in all three respects that defendant identified.

We also conclude that the error was not harmless on this record. *See State v. Ortiz*, 372 Or 658, 671, 554 P3d 796 (2024) (an appellate court may not reverse a judgment based on an error that is harmless). As is evident from the discussion above, the trial court's error was instrumental in its decision to impose consecutive sanctions. Whether or not it had to the legal authority to impose that sanction absent

the no-contact violation is immaterial, as the court clearly relied upon it here.

It is a closer question whether the error was harmless as to the decision to revoke probation. From the context of the hearing, it is quite clear that the trial court was endeavoring to impose a heavy sanction. It declined to follow the prosecutor's milder sanction recommendation in favor of the stronger sanction requested by the probation office, and it said, "it is patently obvious that [defendant's] probations will be revoked," suggesting that the decision to revoke was not a particularly close call for the court. However, we cannot know how much the trial court's decision to revoke on both counts relied, in turn, on its decision to impose *three* consecutive sanctions. It is possible that a different decision on how to structure the sanctions would have affected the court's decision in whether to revoke probation on both counts. Therefore, we cannot say that the error was harmless. *Cf. State v. Rivera-Waddle*, 279 Or App 274, 280, 379 P3d 820 (2016) (explaining that we will reverse a probation revocation when the trial court considered an invalid allegation and might not have revoked if it had considered only the valid allegations).

Finally, we exercise our discretion to correct the errors. That decision is largely driven by the gravity of the error and interests of justice relating to the imposition of consecutive sanctions. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (listing both as factors relevant to our exercise of plain error discretion). The trial court's error played a critical role in the way it structured defendant's sanctions. Even assuming that the trial court had the legal authority to impose the sanctions it did even in the absence of a third probation violation, the interests of justice require that it make that weighty decision upon a correct understanding of the record. In light of our decision to exercise our discretion with regard to the error identified third assignment of error, we also exercise our discretion to correct the errors identified in the remaining assignments of error.

Reversed and remanded.